IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PATRICK BERNARD INGRAM, ) | |
| (ID # 1669001), ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:14-CV-1748-N (BH) |
| ) | |
| WILLIAM STEPHENS, ) | |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251,* this habeas case has been referred for findings, conclusions and recommendation. Before the Court is *Petitioner's Motion to Contest Unauthorized Transfer*, received February 17, 2016 (doc. 30). Based on the relevant filings and applicable law, the motion should be construed as seeking injunctive relief and **DENIED**.

**I.  BACKGROUND**

Patrick Bernard Ingram (Petitioner) challenges his confinement in the Texas Department of Criminal Justice pursuant to a judgment of the 194th District Court of Dallas County, Texas, in case number F-0952629 sentencing him to 35 years for indecency with a child. (doc. 3 at 2-3; doc. 22 at 3.) He asserts that he was incarcerated in the James V. Allred Unit in Iowa Park, Texas, when he filed his habeas corpus petition under 28 U.S.C. § 2254, but he was transferred to the George Beto Unit in Tennessee Colony, Texas, on January 21, 2016.  He claims that the transfer was unauthorized under Federal Rule of Appellate Procedure 23. He contends he no longer has access to the Allred law library and to inmates who were helping him with his case, and that he has been separated from his legal material since his transfer. Petitioner asserts there will be more frequent lockdowns at the Beto Unit than at the Allred Unit, which will keep him from using the law library.

Because he seeks an order that he be transferred back to the Allred Unit, his motion is construed as seeking injunctive relief.

## II. ANALYSIS

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 129 S.Ct. 365, 376 (2008). To obtain a preliminary injunction, the movant must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Tex. Midstream Gas Servs., LLC. v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (citing *Winter*, 129 S.Ct. at 374). The party seeking the preliminary injunction bears the burden of persuasion on all four requirements. *Bluefield Water Assoc., Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009). If the movant fails to carry the "heavy burden" to show each of the four prerequisites, a preliminary injunction is not warranted. *See Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985). The function of a preliminary injunction is to preserve the status quo until the merits of the case can be adjudicated. *Morgan v. Fletcher*, 518 F.2d 236, 269 (5th Cir. 1975).

In the prison setting, requests for a preliminary injunction are "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). "Except in extreme circumstances", the "federal courts are reluctant to interfere" with matters of prison administration and management, such as prison discipline and classification of inmates. *Young v. Wainwright*, 449 F.2d 338, 339 (5th

Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation).

Petitioner has not shown he is entitled to injunctive relief. He has not shown that his transfer to another institution will have any bearing whatsoever on the resolution of this action or any other pending case. A prisoner does not have a constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another. *See Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983); *see also Meachum v. Fano,* 427 U.S. 215 (1976); *Montanye v. Haymes,* 427 U.S. 236 (1976); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir.1996); *Maddox v. Thomas,* 671 F.2d 949, 950 (5th Cir. 1982).

Petitioner contends that he is entitled to relief under Federal Rule of Appellate Procedure 23(a). Rule 23(a) concerns the transfer of custody of a prisoner pending review of a decision in a habeas action. *United States v. Pfluger*, 522 F. App'x 217, 218 n. 1 (5th Cir. 2013) (per curiam). Rule 23(a) provides:

> Transfer of Custody Pending Review. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.

Because Petitioner's habeas petition has not been decided, it is not pending appellate review, so Rule 23(a) does not apply. *Hairston v. Nash*, 165 F. App'x 233, 235 (3rd Cir. 2006) (Rule 23(a) applies to prisoners whose habeas petitions have been decided and are pending appellate review).

### III. RECOMMENDATION

*Petitioner's Motion to Contest Unauthorized Transfer* seeking an order that he be transferred back to the Allred Unit (doc. 30) should be **DENIED**.

**SIGNED this 28th day of March, 2016.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE