IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK BERNARD INGRAM, | ) | |
| ID # 1669001, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:14-CV-1748-N (BH) |
| | ) | |
| LORIE DAVIS,[1] Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been referred for findings, conclusions, and recommendation.  Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

## I.  BACKGROUND

Patrick Bernard Ingram(Petitioner) challenges his conviction for indecency with a child in Cause No. F09-52629.  The respondent is Lorie Davis, Director of TDCJ-CID (Respondent).

### A.  Trial and Appeal

On April 13, 2009, the State indicted Petitioner for indecency with a child in No. F09-52630.  (Doc. 17-12 at 90[2].)  It indicted him for indecency of a child in No. F09-52629 on April 20, 2009.  (Doc. 18-9 at 89.)  Petitioner pleaded not guilty, and both cases were tried together before a jury in the 194th Judicial District Court of Dallas County, Texas, on July 21-26, 2010.  (Doc. 16-2.)

The evidence at trial was summarized by the state appellate court as follows:

---

[1] Lorie Davis succeeded William Stephens as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice.  Under Rule 25(d) of the Federal Rules of Civil Procedure, she "is automatically substituted as a party."

[2] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[Petitioner] was tried in a single proceeding on two indictments charging him with exposing his genitals to two children with the intent to arouse or gratify his sexual desire. The State called multiple witnesses, including two young girls who were on the grounds of an elementary school on a Sunday afternoon. The girls saw a man from a distance of about fifteen to twenty-five feet smiling at them and masturbating. The thirteen-year-old testified that the man's pants were "un-buttoned" and that she could see that the man was touching his "dick." She did not remember what the man was wearing except for "seeing" glasses. The ten-year-old testified that the man was wearing blue jeans, a white muscle shirt with a "light blue jacket or something" and dark glasses. The girls ran to the thirteen-year-old's apartment and her mother called 911 after hearing the younger girl's description of the man and the incident. The thirteen-year-old's brother, who was about fourteen, also heard the description and chased the man by bicycle.

Dallas Police Officers Bryant and Oviedo were on patrol in the area and arrived quickly in response to the 911 call. They saw the brother on his bicycle, who pointed across the street to the man described by the younger girl. Bryant testified that the man matched the general description received by the officers as a result of the 911 call. The man ran when he saw the officers approach him, and the officers chased him on foot. The younger girl testified that, from the apartment window, she saw the same man she had seen masturbating and he was running from the police. When the officers caught the man, later identified as appellant, his pants were unzipped. The officers handcuffed appellant, arrested him, and took him to the police station. When appellant's handcuffs were removed at the police station, he zipped his pants. Approximately twelve minutes elapsed from the time the girls saw a man masturbating and appellant's arrest. Neither girl was asked at trial to identify appellant as the man they saw masturbating.

*Ingram*, 2012 WL 28821, at *1.

Petitioner sought to have Officer Bryant testify that after being chased and caught, he told the officer that he ran from the police because he thought he had outstanding warrants or tickets. The trial court excluded the testimony as hearsay. (*See* doc. 16-3 at 90-96.) The officer then testified before the jury that he asked Petitioner why he was running, and that Petitioner's answer had nothing to do with the offense. (*Id.* at 97.)

The jury found Petitioner guilty in both cases, and the court sentenced him to 35 years of imprisonment in each case. (Doc. 15-8 at 61, doc. 15-9 at 44.)

On direct appeal, Petitioner alleged that the evidence was insufficient to support the

2

convictions, the sentences were excessive, and the trial court erroneously excluded testimony from

a police officer. *See Ingram v. State*, 2012 WL 89980, Nos. 05-10-00973-CR and 05-10-00974-CR,

at *1 (Tex. App.–Dallas, January 12, 2012). His convictions were affirmed. *Id*. He filed petitions

for discretionary review (PDR) on April 5, 2012, which were refused. *Ingram v. State*, PD-0196-12,

PD-0197-12 (Tex. Crim. App. May 16, 2012). He did not file a petition for writ of certiorari with

the Supreme Court.

**B.**   **State Habeas Proceedings**

Petitioner filed a state habeas application for each criminal case that was signed on February

26, 2013, and received by the state court on March 4, 2013. (Doc. 17-12 at 7, 21, doc. 18-9 at 6, 20.)

The state habeas court forwarded the habeas record to the Texas Court of Criminal Appeals without

making findings. (Doc. 17-12 at 3, doc. 18-9 at 2.) On May 22, 2013, the Court of Criminal

Appeals remanded the matters to the state habeas court for findings on claims of double jeopardy

and ineffective assistance of counsel. (Doc. 17-10, doc. 18-7.) Trial counsel submitted an affidavit

on August 5, 2013. (Doc. 17-11 at 19, doc. 18-8 at 19.) The state habeas court issued findings of

fact and conclusions of law on August 9, 2013. (Doc. 17-11 at 16, doc. 18-8 at 16.)

The Court of Criminal Appeals granted relief on Petitioner's claim of double jeopardy and

vacated and set aside the judgment in No. F09-52630. (Doc. 17-9); *see Ex parte Ingram*, No.

79,416-01 (Tex. Crim. App. Sept. 11, 2013). It denied the state habeas application for No. F09-

52629 based on the trial court's findings. (Doc. 18-10); *see Ex parte Ingram*, No. 79,416-02 (Tex.

Crim. App. Sept. 11, 2013). Petitioner filed another state habeas application for No. F09-52629 that

was signed on December 18, 2013, and received by the state court on January 2, 2014. (Doc. 18-13

at 5, 13.) It was dismissed as a subsequent application on February 26, 2014. (Doc. 18-11.)

3

C.      **Substantive Claims**

On May 6, 2014, Petitioner mailed his federal habeas petition, which was received on May

9, 2014.  (Doc. 3.)  His petition raises the following grounds for relief:

(1) The evidence was insufficient to support the conviction (ground one);

(2) The two convictions and sentences constituted double jeopardy (ground two);

(3) He was denied the right to confront a witness because the older girl's brother did not testify (ground three);

(4) His trial attorney provided ineffective assistance of counsel by:

-failing to object to hearsay statements of the brother;

-failing to challenge a biased juror;

-failing to object that Petitioner was not present for a response to a jury note, which resulted in the reading of testimony to the jury (ground four);

(5) He was denied the right to present a defense because the trial court sustained a hearsay objection when he sought to have a police officer testify that he said he ran from the police because of outstanding tickets (ground five); and

(6) Cumulative error (ground six).

(Doc. 3 at 6-11, doc. 4.)  Respondent filed a response on August 13, 2014, and provided the state

court records.  (Doc. 22.)  Petitioner a reply brief on September 5, 2014.  (Doc. 23.)

## II.  APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.

L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for

habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions.

Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable
> > application of, clearly established Federal law, as determined by the Supreme Court
> > of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the
> > facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term

of art that refers to whether a court's disposition of the case was substantive, as opposed to

procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact.

*Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established

federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite

to that reached by [the Supreme Court] on a question of law or if the state court decides a case

differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*,

529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if

the state court identifies the correct governing legal principle from [the] Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v.*

*Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court

precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new

context where it should not apply or unreasonably refuses to extend that principle to a new context

where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable

application' inquiry should ask whether the state court's application of clearly established federal

law was objectively unreasonable." *Id.* at 409; accord *Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. SUFFICIENCY OF EVIDENCE

In his first ground, Petitioner asserts the evidence was insufficient to support the conviction.

Petitioner was convicted of indecency with a child under Texas Penal Code § 22.11(a)(2)(A), which provides that "[a] person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person . . . with intent to arouse or gratify the sexual desire of any person . . . (A) exposes . . . any part of the person's genitals, knowing the child is present." He contends the evidence did not establish that his genitals were exposed and the complaining witnesses did not identify him as the person who committed the offense.

Federal courts conduct an extremely limited review of habeas claims based on the sufficiency of the evidence using the standard in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Jackson* held that the correct standard of review when a state prisoner challenges the sufficiency of the evidence in a federal habeas corpus proceeding is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 320. Moreover, the trier of fact has the responsibility of

weighing the evidence, resolving conflicts in testimony, and drawing reasonable inferences from basic facts to ultimate facts. *Id.* Under *Jackson*, "the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup v. Delo*, 513 U.S. 298, 330 (1995). "Determining the weight and credibility of the evidence is within the sole province of the jury." *United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992). Courts view "any required credibility determinations in the light most favorable to the guilty verdict." *United States v. Wise*, 221 F.3d 140, 154 (5th Cir. 2000). They do not "second-guess[ ] the weight or credibility given the evidence." *United States v. Ramos–Garcia*, 184 F.3d 463, 465 (5th Cir.1999).

Here, the state presented evidence at trial that (1) the older girl saw the man touching his genitals; (2) the two girls went to the older girl's apartment after the incident; (3) after the older girl's mother called the police, the younger girl was looking out the window and saw the same man again; (4) he was still wearing the same clothes; (5) he was running, and she knew he was running from the police; (6) the older girls' brother, who was on a bicycle, directed the police officers to a man who matched the description given to the police dispatcher; (7) the man fled; (8) the man who the police chased and caught was Petitioner; (9) when the police arrested him, his pants were unzipped; and (10) when he was uncuffed in an interview room, he zipped his pants right after the handcuffs were removed. (*See* doc. 16-3 at 33-34, 35-56, 62, 79-84, 99-100, 101-102, 105, 118, 119.)

After citing the *Jackson* standard, the state appellate court found:

Viewed in the light most favorable to the jury's verdict, the evidence shows that within a period of twelve minutes appellant was arrested as the person seen by two girls on elementary school grounds exposing himself to them. The girls immediately ran to the apartment where one of the girls lived, one gave a description, the mother called 911, and the brother of one girl chased the man on a bicycle and directed the police officers to the man when they arrived. The man, identified as appellant, ran from the police officers and

7

was arrested with his trousers unzipped.  A jury reasonably could find from the testimony that appellant, who ran from the officers and was arrested with unzipped trousers, was the same man seen by the girls minutes earlier exposing himself to them.  This evidence is also sufficient to support a finding beyond a reasonable doubt that appellant exposed his genitals to the girls with the intent to arouse or gratify his sexual desire.

*Ingram*, 2012 WL 28821, at *2.

Contrary to Petitioner's argument, there was sufficient evidence to show that Petitioner exposed his genitals to the girls. He has not shown that the state court's determination, that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, was an unreasonable application of federal law or an unreasonable determination of the facts.  This ground for relief should be denied.

## IV.  DOUBLE JEOPARDY

Petitioner contends his conviction and sentence in No. F09-52629 should be set aside because he was prejudiced in that case due to double jeopardy.

Petitioner was convicted of indecency with a child in Nos. F09-52629 and F09-52630, and he received a sentence of 35 years of imprisonment in each case.  The Court of Criminal Appeals granted relief on Petitioner's claim of double jeopardy and vacated and set aside the judgment in No. F09-52630.  (Doc. 17-9); *see Ex parte Ingram*, No. 79,416-01 (Tex. Crim. App. Sept. 11, 2013) (citing *Harris v. State*, 359 S.W.3d 625 (Tex. Crim. App. 2011) (only one conviction for a single exposure is allowed, regardless of the number of complainants who viewed the exposure)).

The general rule is that a reversal of one conviction on double jeopardy grounds does not require resentencing on another conviction if it is clear that the jeopardy-barred conviction did not lead the court to impose a harsher sentence for the other conviction.  *United States v. Agofsky*, 458 F.3d 369, 373 (5th Cir. 2006).  Here, Petitioner received concurrent 35-year sentences.  Nothing

suggests the court imposed a harsher sentence for F09-52629 because of the conviction in F09-52630. The state court vacated the judgment in F09-52630, and no further relief is available. *See Davis v. Thaler*, 373 F. App'x 446, 450-51 (5th Cir. 2010) (petitioner not entitled to resentencing on remaining conviction, because the setting aside of the conviction for the least serious conviction on double jeopardy grounds was the maximum relief available).

Petitioner has not shown that the state court's resolution of the double jeopardy claim, by vacating one judgment and leaving the other intact, was an unreasonable application of federal law or an unreasonable determination of the facts. This ground for relief should be denied.

## V. RIGHT TO CONFRONT WITNESS

In ground three, Petitioner contends he was denied the right to confront the older girl's brother. When police officers arrived at the scene, the brother pointed to Petitioner and told them that Petitioner was the man who masturbated at the school. The brother did not testify.

The Confrontation Clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. Amend. VI. In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court held that the Confrontation Clause barred the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify and the defendant had a prior opportunity for cross-examination." *Id.* at 53-54. It later clarified what qualified as a "testimonial" statement in *Davis v. Washington*, 547 U.S. 813 (2006):

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Id.* at 822. "The Clause applies to volunteered testimony as well as statements solicited through police interrogation." *Michigan v. Bryant*, 562 U.S. 344, 382 (2011).

The Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford,* 541 U.S. at 59 n. 9 (citing *Tennessee v. Street,* 471 U.S. 409, 414 (1985); *see also United States v. Holmes,* 406 F.3d 337, 349 (5th Cir. 2005) (holding that even assuming that the disputed statement was testimonial, "there was no constitutional error, because the government did not offer her testimony to prove the truth of the matter asserted") (citations omitted).

In rejecting this claim, the state habeas court could have concluded that the statement by the brother was not made for the primary purpose of establishing past events relevant to criminal prosecution, but to assist police with an ongoing emergency regarding a man who committed indecency on school grounds on a non-school day. *See Taylor v. Cain*, Civil Action No. 13-462, 2015 WL 4496307 (E.D. La. July 23, 2015) (911 calls, which identified shooters by name and provided information about the path they were running, were not testimonial, because the purpose of the calls was to help resolve an emergency by locating the perpetrators). The brother heard a description of the man and left the apartment on his bicycle. He saw Petitioner and pointed him out to police.

Similarly, the state habeas court could have concluded that the brother's statement was not offered for the truth of the matter asserted, but instead to explain why the police chased Petitioner. *See United States v. Smith*, 822 F.3d 755, 761 (5th Cir. 2016) ("This court has consistently held that "[o]ut-of-court statements ... providing background information to explain the actions of investigators are not hearsay" as they are not offered for the truth of the matter asserted.") (citing

*United States v. Lundy*, 676 F.3d 444, 455 (5th Cir. 2012)).   The chase and apprehension of Petitioner was significant.   The younger girl saw the man who committed the offense run from the police.   Police chased and caught that man, who was Petitioner.

Petitioner has not shown that the state court's resolution of this claim was an unreasonable application of federal law or an unreasonable determination of the facts.   This ground for relief should be denied.

## VI.  INEFFECTIVE ASSISTANCE OF COUNSEL

In his fourth ground, Petitioner claims that his trial counsel was ineffective by (1) failing to object to hearsay statements of the brother; (2) failing to challenge a biased juror; and (3) failing to object that Petitioner was not present for a response to a jury note, which resulted in the reading of testimony to the jury.

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."   U.S. Const. art. VI.   The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal.   *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).   To successfully state a claim of ineffective assistance of counsel, a movant must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense.   *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).   A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective.   *See* 466 U.S. at 696.   The Court may address the prongs in any order.   *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

To determine whether counsel's performance is constitutionally deficient courts "indulge a

strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689.  To establish prejudice under *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  Movants must "affirmatively prove prejudice." *Id.* at 693.  The prejudice component "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." Williams v. Taylor, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel.  *Strickland*, 466 U.S. at 695-96.  One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture.  *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).  Conclusory allegations, furthermore, are insufficient to obtain relief under § 2255.  *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

A.    **Hearsay**

Petitioner argues counsel should have objected to hearsay testimony that the brother pointed to Petitioner and told officers he was the man who committed the offense.

In response to Petitioner's state habeas application, counsel submitted an affidavit in which he stated he did not object because the matter was not hearsay.  (Doc. 18-8 at 19.)  The state habeas court found that the statement was relied on to further the investigation, and not for the truth of the

12

matter asserted.  (*Id.* at 17.)  Under Texas law, a statement is not hearsay if relied upon to show why

a police officer developed a suspect.  *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995).

The state court found that counsel's performance was not deficient.  (*Id.*)

In a habeas proceeding, a federal court does not sit in review of a state court's interpretation

of its own law; it is instead bound by the state court's interpretation.  *Bradshaw v. Richey*, 546 U.S.

74, 76 (2005); *Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004).  Deference is given to the state

court's determination that the statement was not hearsay as a matter of state law, so counsel's failure

to raise a hearsay objection was not deficient performance.

Petitioner has not shown that the state court's resolution of this claim was an unreasonable

application of federal law or an unreasonable determination of the facts.  This ground for relief

should be denied.

**B.**     <u>**Biased juror**</u>

Petitioner contends counsel failed to challenge a juror who said he would find it hard not to

side with the state if the accused person did not testify in his own defense.  He asserts counsel knew

during voir dire that he would not testify.

The juror does not appear at the portion of the voir dire cited by Petitioner.  (*See* doc. 16-2

at 80).  He did speak at other times, when he answered questions about wanting to hear from victims

and police officers, and he stated that he would hold the state to its burden of proving each element

beyond a reasonable doubt.  (*See* doc. 16-2 at 63, 97, 92).

Nevertheless, counsel's affidavit submitted in the state habeas case stated that at the time of

voir dire it had not been decided whether Petitioner would testify.  (*See* doc. 18-8 at 19.)  Counsel

stated that the juror "didn't say he couldn't follow the law, he said it would be difficult.  Jurors often

find it difficult to follow the law but they also express their ability to do so.  This was such a case."
(*Id*.)  The state habeas court found counsel credible.  (*Id*. at 16.)  The court determined that because
the juror could follow the law in the case, there was no basis for a challenge for cause and Petitioner
received effective assistance of counsel.  (*Id*. at 17.)

Petitioner has not shown that the juror was biased, and his claim is not supported by the
record.  He has not shown that the state court's resolution of this claim was an unreasonable
application of federal law or an unreasonable determination of the facts.  This ground for relief
should be denied.

**C.**      **Petitioner's absence**

Petitioner contends counsel failed to object to his absence when testimony was read to the
jury in response to a jury note.

During jury deliberations, a jury note stated, "Did [the younger girl] identify the defendant
to her cousin [the older girl's brother] before he took off on the porch.  We're in dispute about this
also."  (Doc. 15-8 at 51.)   The trial court responded by providing the jury with the following
transcript of the younger girl's testimony:

Q:      Was your brother there – or pardon me, was [the older girl's brother] there while you
        were telling about what's happening?

A:      Yes.

Q:      Okay.  Did you talk about what this man looked like?

A:      Yes.

Q:      What did [the older girl's brother] do?

A:      [He] got on his bike and was chasing the man and he was helping the police.

Q:      Okay.  And you said that [the older girl's] mom called the police, right?

A:      Yes.

(Doc. 15-8 at 52.)

Petitioner asserts he was not present in court when the decision was made to provide the jury with this excerpt of testimony, and that counsel did not object to his absence during this critical stage of the trial.  His reply cites to the Sixth Amendment and article 36.27 of the Texas Code of Criminal Procedure.  He contends that had he been present, he would have insisted on objecting that the testimony provided to the jury was not what the witness said in her testimony, that it failed to clearly respond to the question asked, and that it was misleading and harmful to him.

Counsel's affidavit in the state habeas matter stated, and the state habeas court determined, that Petitioner's presence was not required for a jury note.  Counsel was present, and the note was dealt with according to law.  (Doc. 18-8 at 17, 19.)

A defendant has a "constitutional right to be present only when his presence 'bears, or may fairly be assumed to bear a relation, reasonably substantial, to his opportunity to defend.'" *Young v. Herring*, 938 F.2d 543, 557 (5th Cir. 1991) (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 106 (1934)).  "[T]he Constitution guarantees the 'right to be present at all stages of the trial where [the defendant's] absence might frustrate the fairness of the proceedings.' " *Young*, 938 F.2d at 557 n.4 (quoting *Faretta v. California*, 422 U.S. 806, 819 n.15 (1975)).

It is not clear from the record why Petitioner was not present.  Regardless, his proposed objections would have lacked merit.  The testimony provided in response to the note (doc. 15-8 at 52) was identical to the testimony as shown in the trial transcript (doc. 16-3 at 34-35).  The jury note indicated disagreement about whether the younger girl identified Petitioner to the older girl's brother before the brother "took off on the porch."  The testimony provided in response to the note was

relevant to the jury note because it was about what the brother heard the younger girl say about the man who committed the offense.  Whether the testimony showed the younger girl "identified" Petitioner to the brother was a matter for the jury to decide.  Petitioner does not explain how the testimony was misleading or improperly harmful.  He has not shown that his objections would have prevented the trial court from providing the jury with that testimony.  Additionally, his opportunity to defend against the younger girl's testimony was provided by his presence during her testimony.  He has not shown that his presence or absence when the jury note was resolved bore a reasonably substantial relation to his opportunity to defend or that his absence frustrated the fairness of the proceeding.  Thus, he has not shown that his constitutional right to be present was violated and that counsel was deficient in failing to object to his absence.

For the same reasons, he has not shown prejudice, even assuming for purposes of his federal petition only that counsel rendered deficient performance.  He has not shown a reasonable probability that the outcome of the trial would have been different if counsel had secured his presence and raised his proposed objections to the response to the jury note.[3]

Petitioner has not shown that the state court's rejection of this claim was an unreasonable application of federal law or an unreasonable determination of the facts.  This ground for relief should be denied.

## VII.  RIGHT TO PRESENT A DEFENSE

Petitioner asserts in his fifth ground that he was denied his right to present a defense when

---

[3] Article 36.27 of the Texas Code of Criminal Procedure provides that before answering a jury note, the court "shall use reasonable diligence to secure the presence of the defendant and his counsel."  *See Routier v. State*, 112 S.W.3d 554, 576 (Tex. Crim. App. 2003).  The state habeas court apparently found that Petitioner's presence was not required when the trial court dealt with the jury note.  (*See* doc. 18-8 at 17.)  It therefore appears that the state habeas court found that his presence was not required, even under state law.  That determination is not reviewable by this Court.

16

the trial court excluded as hearsay a police officer's testimony that Petitioner said he ran from the

police because he thought he had outstanding warrants or tickets.

Petitioner raised this issue on appeal, and the state appellate court held:

Appellant claims in his third issue that the trial court erroneously excluded a statement made by appellant to [officer] Bryant at the time of his arrest following the officers' foot chase. Bryant would have testified that appellant, who was still breathing hard from the chase, told the officer he ran because he thought he had outstanding "warrants" or "tickets." The trial court sustained the State's hearsay objection when appellant sought to elicit the testimony during cross-examination of Bryant. Appellant's only basis asserted for admission of the testimony was the "excited-utterance exception" to the hearsay rule. An excited utterance is a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Tex. R. Evid. 803(2). After the trial court sustained the State's objection, appellant elicited the following testimony from Bryant:

> Q.   You asked him why he was running; is that correct? Why he ran?
>
> A.   Yes.
>
> Q.   Correct. And without telling me what he said exactly, did he answer your question?
>
> A.   Yes.
>
> Q.   And it had nothing to do with the reason behind the call that had you there in the first place did it?
>
> A.   No.

Appellant argues on appeal that the excluded testimony was admissible under the excited-utterance exception to the hearsay rule because appellant "protested to police, as he was being arrested, that he was running because he had warrants and he made this protest immediately upon the heels of a long foot chase, when he was undoubtedly out of breath and excited by the confrontation."

We review a trial court's decision admitting or excluding evidence under an abuse of discretion standard, and a trial court abuses its discretion only when its decision lies "outside the zone of reasonable disagreement." *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007). Here, the only basis for admission urged by appellant at the trial court and on appeal is the excited-utterance exception to the hearsay rule. We therefore address only that argument.

17

The rationale for the excited-utterance exception to the hearsay rule is that statements made in excitement, without reflection, generally are trustworthy and reliable. *See Fischer v. State*, 252 S.W.3d 375, 378–79 (Tex. Crim. App. 2008). Given the circumstances under which appellant's statement to Bryant was made, we conclude the trial court reasonably could have found the exception to be inapplicable. Specifically, the trial court could have concluded appellant knew he was being chased under the suspicion of exposing himself to young girls on a playground, giving appellant enough time to think about his story. *See id.* at 379 (exceptions apply to out-of-court statements "made without any reflection, thought process, or motive to fabricate or exaggerate"); *see also United States v. Sewell*, 90 F.3d 326, 327 (8th Cir. 1996) (when "incriminating evidence is discovered in one's possession, it requires only the briefest reflection to conclude that a denial and plea of ignorance is the best strategy," which "hardly comports with the spirit of disinterested witness which pervades the [excited-utterance] rule"). With "excited utterance" as appellant's only argument for admission of his statement to Bryant, and given the circumstances under which appellant was apprehended, we cannot say the trial court's decision to exclude appellant's out-of-court statement to Bryant was outside the zone of reasonable disagreement.

In addition, assuming the trial court abused its discretion in excluding appellant's out-of-court statement to Bryant, any error in excluding the statement was harmless. The exclusion of the statement did not effectively preclude appellant from presenting a defense, so we apply the rule 44.2(b) harm standard for non-constitutional error. Tex. R. App. P. 44.2(b); *Walters*, 247 S.W.3d at 219 (erroneous exclusion of evidence generally constitutes non-constitutional error unless exclusion effectively precluded defendant from presenting defense). This rule requires an appellate court to disregard non-constitutional errors that do not affect substantial rights. Tex. R. App. P. 44.2(b).

In this case, appellant was able to present to the jury the beneficial aspects of his out-of-court statement to Bryant when Bryant testified before the jury that appellant provided a non-incriminating reason for running from the police. Appellant's explanation that he was running because of "warrants" or "tickets" may have been less helpful than Bryant's actual testimony that appellant provided a non-incriminating reason for running from the officers. We overrule appellant's third issue and affirm the trial court's judgment.

*Ingram*, 2012 WL 28821, at *3-4.

Petitioner raised the claim of denial of the right to present a defense on state habeas. There were no findings made on this claim (*see* doc. 18-8), and the Court of Criminal Appeals denied the state writ application. (*See* doc. 18-10.)

The constitutional right to present a defense may be violated by "evidence rules that infringe upon a weighty interest of the accused and are arbitrary or disproportionate to the purposes they are

designed to serve." *United States v. Njoku*, 737 F.3d 55, 75 (5th Cir. 2013) (quoting *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006)). Although a defendant has a right to present witnesses in his own defense, the defendant "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973).

"The hearsay rule, which has long been recognized and respected by virtually every State, is based on experience and grounded in the notion that untrustworthy evidence should not be presented to the triers of fact. Out-of-court statements are traditionally excluded because they lack the conventional indicia of reliability: they are usually not made under oath or other circumstances that impress the speaker with the solemnity of his statements; the declarant's word is not subject to cross-examination; and he is not available in order that his demeanor and credibility may be assessed by the jury." *Id*. at 298. In *Chambers*, the Supreme Court held that a state hearsay rule, which excluded another person's confession to the offense because the state rule did not provide an exception for a statement against penal interest, violated the defendant's constitutional right to present a defense through a witness. The Court noted that the statement "bore persuasive assurances of trustworthiness and thus was well within the basic rationale of the exception for declarations against interest. That testimony also was critical to Chambers' defense." *Id*. at 302.

Here, Petitioner's hearsay statement was not admissible as an excited utterance. The state appellate court explained that it was made under circumstances that were not consistent with the rationale for the exception for excited utterances – that excited utterances are trustworthy and reliable. Petitioner had time to reflect on his situation before explaining to police why he was running. Unlike in *Chambers*, Petitioner's statement to the police officer did not bear persuasive

assurances of trustworthiness and reliability such that its exclusion violated his right to present a defense.  Additionally, the state court noted that he was able to present evidence that he provided the officer a non-incriminating reason for why he ran.

Based on the state appellate court's rationale for why the statement was inadmissible hearsay, Petitioner has not shown that state court's rejection of the state habeas claim of the denial of the right to present a defense was an unreasonable application of federal law or an unreasonable determination of the facts.  This ground for relief should be denied.

## VIII.  CUMULATIVE EFFECT

Petitioner asserts in his sixth ground that the cumulative effect of the constitutional errors deprived him of a fair trial.  "[F]ederal habeas corpus relief may only be granted for cumulative errors in the conduct of a state trial where (1) the individual errors involved matters of constitutional dimension rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors 'so infected the entire trial that the resulting conviction violates due process.' " *Turner v. Quarterman*, 481 F.3d 292, 301 (5th Cir.  2007) (quoting *Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir.1992)).

Petitioner has failed to demonstrate any constitutional errors, so this claim should be denied.

## IX.  EVIDENTIARY HEARING

Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary.

## X.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SO ORDERED** this 5th day of August, 2016.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE